FILED

2019 DEC 18 PM 1:58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

NIKESH AJAY PATEL

CASE NO. 6:19-cr-259-ORL-40GJK
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1957

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy to Commit Mail Fraud and Wire Fraud)

**A. Introduction**

At times relevant to this Indictment:

1. **NIKESH AJAY PATEL** was a resident of the Middle District of Florida who was on pretrial release in the Middle District of Florida, case no. 6:14-mj-1485, and the Northern District of Illinois, case no. 1:14-cr-546, related to a matter before the United States District Court for the Northern District of Illinois, case no. 1:14-cr-546. **PATEL** falsely held himself out as "Ron Elias, VP-Guaranteed Lending" for Banco Do Brasil, when, in truth and in fact as **PATEL** knew, no such individual existed.

2. Kevin Timirchand was a resident of the Middle District of Florida who controlled and operated BB America Cash Management, LLC and Unison

Realty Partners, LLC. Timirchand falsely held himself out as an "Analyst-Guaranteed Lending" at Banco Do Brasil and as "Ron Elias, VP-Guaranteed Lending" for Banco Do Brasil, when in truth and in fact as Timirchand knew, he had no position at Banco Do Brasil and "Ron Elias" did not exist.

3. The United States Department of Agriculture (USDA) was an agency of the United States that, among other things, guaranteed portions of loans associated with rural businesses. The USDA administered the Business and Industry Guaranteed Loan Program. The purpose of the Guaranteed Loan Program was to improve, develop, and finance business, industry, and employment, and improve the economic and environmental climate in rural communities. As part of the program, the USDA sometimes guaranteed a percentage of a loan issued to a borrower who was engaged in, or proposed to become engaged in a business that provides employment; improved the economic or environmental climate; promoted the conservation, development, and use of water for aquaculture; or reduced reliance on nonrenewable energy resources by encouraging the development and construction of solar energy systems and other renewable energy systems.

4. The Federal Agricultural Mortgage Corporation (Farmer Mac) was a company that was chartered by the United States federal government to

serve as a secondary market for agricultural loans. Farmer Mac, among other things, purchased loans from agricultural lenders.

5. Farmer Mac II, LLC was an operating subsidiary of Farmer Mac that purchased the guaranteed portions of loans guaranteed by the USDA.

6. Banco Do Brasil Americas (Banco Do Brasil), First Federal Bank of Louisiana, First Guaranty Bank, IBERIABANK, JP Morgan Chase, PNC Bank, SunTrust Bank, and TCF National Bank were financial institutions as defined by 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the Federal Deposit Insurance Corporation (FDIC).

### B. The Conspiracy

7. Beginning on an unknown date, but at least by on or about June 2, 2017, and continuing through and including on or about February 22, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**NIKESH AJAY PATEL,**

did knowingly and willfully combine, conspire, confederate and agree with Kevin Timirchand and others, known and unknown to the Grand Jury to commit certain offenses, that is:

    a. Mail fraud, in violation of 18 U.S.C. § 1341; and

    b. Wire fraud, in violation of 18 U.S.C. § 1343.

## C. Manner and Means

8. The manner and means used to accomplish the objects of the conspiracy included, among others, the following:

   a. It was part of the conspiracy that **NIKESH AJAY PATEL**, Kevin Timirchand, and others known and unknown to the Grand Jury would and did unlawfully devise and execute a scheme and artifice to defraud the USDA and Farmer Mac of money and property by means of materially false and fraudulent pretenses, representations and promises.

   b. It was a further part of the conspiracy that **PATEL** and Timirchand, acting at **PATEL's** direction, would and did falsely pretend to be Ron Elias in email communications with the USDA and Farmer Mac, by means of wire communications in interstate commerce.

   c. It was a further part of the conspiracy that **PATEL**, Timirchand, and others known and unknown to the Grand Jury would and did make materially false representations to the USDA and Farmer Mac that Banco Do Brasil had a Vice President of Guaranteed Lending by the name of Ron Elias, that Banco Do Brasil had agreed to issue, or had issued, loans to three entities for projects to convert hotels into assisted living facilities, and that Ron Elias had executed documents associated with those loans, when, in truth and

in fact, as the defendant then and there well knew, none of the purported loans had been issued.

d. It was a further part of the conspiracy that **PATEL** and others known and unknown to the Grand Jury would and did use a private and commercial interstate carrier to provide the USDA with documents that falsely represented that Banco Do Brasil had issued loans that were eligible for a USDA guarantee when, in truth and in fact, as the defendant then and there well knew, no such loan had been issued by Banco Do Brasil.

e. It was a further part of the conspiracy that **PATEL** and Timirchand would and did cause the USDA, in reliance upon the materially false statements and representations made by **PATEL** and Timirchand, to guarantee portions of the fictitious loans.

f. It was a further part of the conspiracy that **PATEL** and Timirchand would and did cause Farmer Mac and Farmer Mac II LLC, in reliance upon the materially false statements and representations made by **PATEL** and Timirchand, to purchase the USDA-guaranteed portions of the fictitious loans and to cause funds to be sent to an account in the name of U.L.G. by means of wire communications in interstate commerce.

g. It was a further part of the conspiracy that **PATEL** would and did direct Timirchand to conduct transactions and wire transfers with the

funds that were obtained as a result of the conspiracy and scheme to defraud for the purpose of concealing and disguising the nature, location, source, ownership, and control of those proceeds.

      h.    It was a further part of the conspiracy that **PATEL** would and did participate in the conspiracy and scheme to defraud, and commit the offenses of conspiracy, mail fraud, and wire fraud, while on release pursuant to an order dated September 30, 2014, from the United States District Court for the Middle District of Florida, Case No. 6:14-mj-1485, and an order dated October 9, 2014, from the United States District Court for the Northern District of Illinois, Case No. 1:14-cr-546, which orders notified said defendant of the potential effect of committing an offense while on pretrial release.

      i.    It was a further part of the conspiracy that **PATEL** would and did use a portion of the funds obtained from the conspiracy to fund his attempt to flee from the United States to Ecuador prior to his sentencing in his Northern District of Illinois criminal case.

      j.    It was a further part of the conspiracy that **PATEL**, Timirchand, and other coconspirators would and did continue in their efforts to execute the scheme and artifice to defraud even after **PATEL** was arrested by the Federal Bureau of Investigation for attempting to flee from the United States prior to his sentencing in the Northern District of Illinois.

k. It was a further part of the conspiracy that **PATEL**, when he was held in the Orange County Jail, would and did direct Timirchand to use the "Ron Elias" email account to send emails by interstate wire to representatives of Farmer Mac to complete the sale of the guaranteed portion of a Banco Do Brasil loan that was represented as being made to an entity with the initials of S.D. of Florida, LLC, when, in truth and in fact, as the defendant then and there well knew no such loan had ever been issued to S.D. of Florida, LLC by Banco Do Brasil.

l. It was a further part of the conspiracy that **PATEL**, when he was held in the Orange County Jail, would and did direct Timirchand to use the "Ron Elias" email account to send emails by interstate wire to representatives of the USDA and Farmer Mac for the purposes of lulling the USDA and Farmer Mac into believing that the three loans from Banco Do Brasil were legitimate.

m. It was a further part of the conspiracy that **PATEL**, Timirchand, and other coconspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance of the scheme.

All in violation of 18 U.S.C. §§ 1349 and 3147.

## COUNTS TWO THROUGH FOUR
### (Wire Fraud)

#### A. Introduction

1. The Grand Jury hereby realleges paragraphs One through Six of Count One of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

#### B. The Scheme

2. Beginning on an unknown date, but at least by on or about June 2, 2017, and continuing through and including on or about February 22, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**NIKESH AJAY PATEL,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempt so to do.

#### C. Manner and Means

3. The Grand Jury hereby realleges paragraph Eight of Count One of this Indictment and incorporates such paragraph by this reference as though fully set forth herein.

## D. Interstate Wire Transmissions

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**NIKESH AJAY PATEL,**

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire | From | To |
|---|---|---|---|---|
| TWO | 1/9/2018 | Email entitled "Outstanding Issues Per Loan Settlement – Questions" | Ron Elias email account sent from the Middle District of Florida | J.M.S. of Farmer Mac received in the District of Columbia |
| THREE | 1/10/2018 | Email entitled "RE: Senior Developments of Florida, LLC" | Ron Elias email account sent from the Middle District of Florida | J.M.S. of Farmer Mac received in the District of Columbia |
| FOUR | 1/22/2018 | Email entitled "Re: Farmer Mac Visit" | Ron Elias email account sent from the Middle District of Florida | B.M. of Farmer Mac received in the District of Columbia |

At the time of said offenses, **NIKESH AJAY PATEL** was on release pursuant to an order dated September 30, 2014, from the United States District Court for the Middle District of Florida, Case No. 6:14-mj-1485, and an order dated October 9, 2014, from the United States District Court for the Northern District of Illinois, Case No. 1:14-cr-546, which orders notified said defendant of the potential effect of committing an offense while on pretrial release.

All in violation of 18 U.S.C. §§ 1343, 3147, and 2.

### COUNT FIVE
**(Conspiracy to Commit Money Laundering)**

#### A. Introduction

1. The Grand Jury hereby realleges paragraphs One through Six of Count One of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

#### B. The Conspiracy

2. Beginning on an unknown date, but at least by on or about June 2, 2017, and continuing through and including on or about February 22, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**NIKESH AJAY PATEL,**

did knowingly and willfully combine, conspire, confederate and agree together with Kevin Timirchand and others who are known and unknown to the Grand Jury, (a) to knowingly conduct and attempt to conduct financial transactions

affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and (b) to knowingly engage and attempt to engage in the monetary transactions in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property was, in fact, derived from a specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, knowing that such transaction involved property and funds that were the proceeds obtained from a criminal offense, in violation of 18 U.S.C. § 1957.

### C. Manner and Means

3. The Grand Jury hereby realleges paragraph Eight of Count One of this Indictment and incorporates such paragraph by this reference as though fully set forth herein.

At the time of said offense, **NIKESH AJAY PATEL** was on release pursuant to an order dated September 30, 2014, from the United States District Court for the Middle District of Florida, Case No. 6:14-mj-1485, and an order dated October 9, 2014, from the United States District Court for the Northern District of Illinois, Case No. 1:14-cr-546, which orders notified said defendant of the potential effect of committing an offense while on pretrial release.

All in violation of 18 U.S.C. §§ 1956(h) and 3147.

## COUNTS SIX THROUGH THIRTEEN
### (Illegal Monetary Transactions)

1. The Grand Jury hereby realleges paragraphs One through Six of Count One of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**NIKESH AJAY PATEL,**

did knowingly engage and attempt to engage in the monetary transactions described below in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property was, in fact, derived from a specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, knowing that such

transaction involved property and funds that were the proceeds obtained from a criminal offense, as follows:

| Count | Date | Transaction |
|---|---|---|
| SIX | 6/29/2017 | Transfer in and affecting interstate commerce of funds in the amount of $250,000 by and through IBERIABANK originating in the Middle District of Florida to account of the defendant's counsel at TCF National Bank in Minnesota |
| SEVEN | 6/29/2017 | Transfer in and affecting interstate commerce of funds in the amount of $300,000 by and through IBERIABANK originating in the Middle District of Florida to account of A.P. at PNC Bank |
| EIGHT | 6/29/2017 | Transfer in and affecting interstate commerce of funds in the amount of $255,000 by and through IBERIABANK originating in the Middle District of Florida to account of J.B. at SunTrust Bank |
| NINE | 7/7/2017 | Transfer in and affecting interstate commerce of funds in the amount of $60,000 by and through the Unison Realty Partners LLC account at Regions Bank originating in the Middle District of Florida to the account of the defendant's counsel at TCF National Bank in Minnesota |
| TEN | 7/17/2017 | Transfer in and affecting interstate commerce of funds in the amount of $256,000 by and through the Unison Realty Partners LLC account at Regions Bank originating in the Middle District of Florida to the account of a company with the initials of P.C. LLC at First Federal Bank of Louisiana in Louisiana |
| ELEVEN | 10/12/2017 | Transfer in and affecting interstate commerce of funds in the amount of $4,005,000 by and through IBERIABANK originating in the Middle District of Florida to account of Unison Realty Partners LLC at Regions Bank |

| Count | Date | Transaction |
|---|---|---|
| TWELVE | 10/24/2017 | Transfer in and affecting interstate commerce of funds in the amount of $520,000 by and through the Unison Realty Partners LLC account at Regions Bank originating in the Middle District of Florida to the account of P.P. at First Guaranty Bank in Louisiana |
| THIRTEEN | 1/11/2018 | Transfer in and affecting interstate commerce of funds in the amount of $300,000 by and through IBERIABANK originating in the Middle District of Florida to account of BB America Cash Management LLC at JP Morgan Chase Bank |

At the time of said offenses, **NIKESH AJAY PATEL** was on release pursuant to an order dated September 30, 2014, from the United States District Court for the Middle District of Florida, Case No. 6:14-mj-1485, and an order dated October 9, 2014, from the United States District Court for the Northern District of Illinois, Case No. 1:14-cr-546, which orders notified said defendant of the potential effect of committing an offense while on pretrial release.

All in violation of 18 U.S.C. §§ 1957, 3147, and 2.

### FORFEITURE

1. The allegations contained in Count One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a).

14

2. Upon conviction of a violation of 18 U.S.C. § 1349 and/or 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 1956, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

    a. $19,300,000 in proceeds the defendant obtained as the result of the commission of the offense;

    b. $2,800,000, seized from Sunrise Bank IOTA Account Number 0321000507, in the name of Law Offices of Horwitz and Citro, P.A.;

    c. $79.08 in funds seized from JPMorgan Chase Account Number 918922506, held in the name of BB America Cash Management, LLC;

    d. $28,769.64 in funds seized from Regions Bank Account Number 0253147669, held in the name of Unison Realty Partners, LLC; and

  e. $255,000 in funds seized from American Express National Bank Account 320002008084, held in the name of Jamin Brahmbhatt and Komal Brahmbhatt.

  f. $36,681 in funds seized from Wells Fargo Bank Account Number 7075052212, held in the name of Rivera Law Firm LLC.

5. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Amanda Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

NIKESH AJAY PATEL

## INDICTMENT

Violations:

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1957

A true bill,

_____
Foreperson

Filed in open court this 18th day of December, 2019.

_____
Clerk

Bail $_____

GPO 863 525